ROOD *v.* LUCE.

Account—Farm Operations—Cow Feed.

In suit between farm owner and tenant on shares for accounting as to operations, charges for feed for cattle are eliminated where separation of amount fed plaintiff's own cattle from that fed all cattle out of a common mess was impossible; and other items are credited and debited resulting in a net reduction of amount defendant is decreed to owe plaintiff.

Appeal from Lapeer; Loughnane (John) and Cramton (Louis C.), JJ. Submitted April 9, 1936. (Docket No. 48, Calendar No. 38,828.) Decided June 16, 1936.

Bill by John R. Rood against Austin Luce for an accounting, an injunction, a receiver and other relief. Cross-bill by defendant against plaintiff for an accounting, an injunction and other relief. Decree for plaintiff. Defendant appeals. Plaintiff cross-appeals. Modified and affirmed.

*John R. Rood, in pro. per.*

*Herbert W. Smith,* for defendant.

Fead, J. This is a suit for an accounting of four years' farm operations.

In 1931 plaintiff, a Detroit attorney, interested in two farms in Lapeer county, made an agreement with defendant under which the latter worked the farms for four years. Emulating the proverbial shoemaker whose children go barefoot, plaintiff did not put the agreement in writing. However, the dif-

ference between the parties as to the understanding is more a matter of contention of their counsel than of their own testimony. Plaintiff was to advance money and be repaid; defendant was to work the farms; they were to divide the profits.

The court appointed a receiver, who sold certain designated property and now holds the proceeds awaiting decree; determined the ownership of other stock, tools and chattels on hand; and decreed $392.01, due from defendant to plaintiff on accounting. Both parties appeal, each claiming a large balance from the other.

The case should have been settled by negotiation and agreement, because it is not possible under the evidence to strike a wholly satisfactory account. The parties apparently had no dissension during the four years of their common undertaking. Now that controversy has arisen both go back over the years and seek to charge the other with items to which they then paid no attention. Thus, plaintiff now asks defendant to pay for stock which died, claiming it was through defendant's negligence. Plaintiff kept some of his own stock on the farms where they were cared for and fed by defendant, partly out of "company" crops, without understanding as to pay or as to accounting for the feed. Defendant now charges plaintiff an ample sum for their board and keep. Each accuses the other of appropriation of stock and produce to his individual use. Plaintiff kept account of his disbursements and receipts and made some reports to defendant. The latter kept no accounts and made no report to plaintiff although he sold some of the company chattels and some of plaintiff's individual property. Much of the testimony is mere assertion and denial. Neither party has aided us materially in determin-

ing the accuracy of the account rendered by the circuit court but each presents several suggested methods of figuring the other greatly in his debt.

We think the circuit court adopted the best available method of attempting an account, but neither the court nor counsel indicate how the basic figure therein was found. We must find another and make such other changes as the record seems to demand.

No account was kept of the amount of company feed consumed by plaintiff's own cattle. In addition to that produced on the farms plaintiff purchased considerable. The whole constituted a sort of common mess out of which all the cattle ate. Plaintiff has charged the company account with some of the feed. In view of the impossibility of making a separation, the fair plan appears to be to eliminate charges for feed entirely.

Plaintiff has also charged some other items, such as repairs to buildings and a team of mules kept by him which, together with the feed, as nearly as we can figure them, aggregate $628.29.

Taking plaintiff's account, as totaled on the State adding machine, and making charges and giving credits which the record seems to sustain, the account is stated as follows:

Plaintiff charges $1,593.02, less credits above, $628.29, balance $964.73; plus defendant's proved sales of stock and hay, $88.48, total $1,053.21; less admitted credits of $274.63, balance $778.58, one-half of which ($389.29), defendant owes plaintiff; but less defendant's individual credits, which are, construction of fence, $57.50, care of plaintiff's stock, $145, cash advanced, $11.50, total $214; less sale of tractor, $32, rent of sign space, $30, total charge, $62, a net credit to defendant of $152;

$389.29, less $152, equals $237.29, the amount defendant owes plaintiff.

The decree may be modified accordingly, with costs of this court to defendant.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.